# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

STEPHANIE ELDRIDGE,

      Plaintiff,

v.                                                                                    Case No: 8:25-cv-2732-CEH-NHA

SPARROW FINANCIAL, INC.,
ENCINA LENDER FINANCE, LLC,
and EVOLVE BANK & TRUST
CORPORATION,

      Defendants.

---

## <u>ORDER</u>

This cause is before the Court on the Court's Order to Show Cause (Doc. 25) and Defendants Encina Lender Finance, LLC, Evolve Bank & Trust, and Sparrow Financial Inc.'s Response to Court's Order to Show Cause (Doc. 29). On January 8, 2026, the Court directed Defendants Encina Lender Finance, LLC, Evolve Bank & Trust, and Sparrow Financial Inc. to show cause why this action should not be remanded to state court for lack of subject matter jurisdiction because Plaintiff's claims arise under state law. In response, Defendants argue that Plaintiff's claims are preempted by federal law. But Plaintiff's complaint presents no federal claims on its face and the complete preemption doctrine does not apply. Accordingly, the Court will remand this action to the Tenth Judicial Circuit in and for Polk County.

## I.    BACKGROUND

On August 20, 2025, Plaintiff filed a complaint against Defendants in the Tenth Judicial Circuit in and for Polk County alleging claims under Florida's usury laws. Doc. 1-1. In her Complaint, Plaintiff raises three counts under Florida law. Doc. 1-1 ¶¶ 13–15. Plaintiff alleges that Sparrow Financial issued her a credit card and the interest rates charged under the card violate Florida's usury laws. *See id.* ¶¶ 13, 27–40. Plaintiff alleges that Sparrow's credit card charges an annual percentage rate of 29.74% in violation of Florida law, which limits annual interest rates of extensions of credit at 25%. *Id.* ¶¶ 14, 30.

On October 7, 2025, Defendant Sparrow Financial, Inc. filed its Notice of Removal requesting that the case be removed to this Court. Doc. 1. In its Notice of Removal, Sparrow argues that although Plaintiff raises claims arising under Florida law, these claims are preempted entirely by federal law. *Id.* On January 8, 2026, the Court issued an Order to Show Cause because the Court was unable to determine whether Plaintiff's claims were entirely preempted by federal law to confer it subject matter jurisdiction. Doc. 25.

On January 22, 2026, Defendants filed their Response to the Court's Order to Show Cause. Doc. 29. In their response, Defendants provide caselaw in support of Plaintiff's claims being completely preempted by federal law. *Id.*

2

## II.    LEGAL STANDARD

Federal courts must *sua sponte* inquire into subject matter jurisdiction whenever such jurisdiction may be lacking. *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004); *accord Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982). The bases for federal subject matter jurisdiction are confined, as federal courts are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution or otherwise authorized by Congress." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

A defendant may remove a civil action from state court to the district court of the United States for the district and division within which such action is pending, provided the district court has jurisdiction. 28 U.S.C. § 1441(a). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001)); *see Univ. of S. Ala.*, 168 F.3d at 411–412 ("The burden of establishing subject matter jurisdiction falls on the party invoking removal.").

3

When evaluating whether a case arises under federal law, this Court is "guided by the 'well-pleaded complaint' rule, which provides that the plaintiff's properly pleaded complaint governs the jurisdictional determination." *Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns, Inc.*, 182 F.3d 851, 854 (11th Cir. 1999) (citing *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908)); *see Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) ("[T]he question whether a claim 'arises under' federal law [for purposes of removal] must be determined by reference to the 'well-pleaded complaint.'"). "[C]omplete preemption functions as a narrowly drawn means of assessing federal removal jurisdiction." *Blab*, 182 F.3d at 854. Complete preemption occurs when "the pre-emptive force of a statute is so 'extraordinary' that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393. Under complete preemption, the state law claims "are recast as federal claims . . . and thus may provide a basis for removal." *Blab*, 182 F.3d at 854.

## III.    DISCUSSION

The Court informed Defendants in its Order to Show Cause that they failed to point to caselaw suggesting that Plaintiff's state usury law claims are preempted by federal law. Doc. 25 at 4–5.

Defendants respond that Section 27 of the Federal Deposit Insurance Act (FDIA)[1] completely preempts the application of state usury laws and provide caselaw in support. Doc. 29 at 6–15.

Section 27(a) of the FDIA states that a "State bank . . . may . . . charge on any loan . . . interest . . . at the rate allowed by the laws of the State . . . where the bank is located." 12 U.S.C. § 1831d. In other words, Section 27 allows state banks to export their home interest rate to another state. The Eleventh Circuit has not answered whether this act completely preempts state-law usury claims against state-chartered banks. *See Cmty. State Bank v. Strong*, 651 F.3d 1241, 1260 (11th Cir. 2011) ("[W]e decline to reach the question of whether Section 27(a) of the FDIA completely preempts state-law usury claims against state-chartered banks."). Other courts are split on the issue of whether Section 27(a) of the FDIA preempts state-law usury claims against state-chartered banks. *Compare Thomas v. U.S. Bank Nat. Ass'n ND*, 575 F.3d 794, 800 (8th Cir. 2009) (finding Section 27 of the FDIA did not completely preempt state law because it did not exclusively provide a federal remedy for state usury claims against federally insured, state-chartered banks); *Robinson v. Bank of Hawaii*, 2017 WL 2901333, at *6 (D. Haw. July 7, 2017) (finding "Section 521 of DIDA does not completely preempt state law usury claims against state-chartered banks"); *with In re*

---

[1] Section 27 of the FDIA was drafted as Section 521 in Title V of the Depository Institutions Deregulation and Monetary Control Act of 1980 ("DIDA"), Pub. L. No. 96–221, § 521, 94 Stat. 132 (1980) (codified at 12 U.S.C. § 1831d). Some decisions cited in this Opinion refer to the relevant statutory provision as Section 521 of DIDA, while others refer to it as Section 27 of the FDIA. The Court refers to it as "Section 27 of the FDIA" in this Order.

*Community Bank of No. VA*, 418 F.3d 277, 295 (3rd Cir. 2005) (finding "[Section] 521 of DIDA completely preempts any state law attempting to limit the amount of interest and fees a federally insured-state chartered bank can charge"); *Discover Bank v. Vaden*, 489 F.3d 594, 606–07 (4th Cir. 2007) (same), *rev'd on other grounds*, 556 U.S. 49 (2009). District courts within the Eleventh Circuit have found that Section 27(a) of the FDIA does not completely preempt state usury law for purposes of federal question jurisdiction. *See Griner v. Synovus Bank*, 818 F. Supp. 2d 1338, 1354 (N.D. Ga. 2011) ("DIDA provides no grounds for federal question jurisdiction or removal to federal court."); *Partin v. Cableview, Inc.,* 948 F.Supp. 1046, 1049 (S.D. Ala. 1996) ("DIDA does not completely preempt state law."); *Brown v. Fid. Bank*, 2012 WL 13009223, at *7 (N.D. Ga. Apr. 10, 2012) ("DIDA does not completely preempt state law, and therefore, does not provide a ground for removal."), *report and recommendation adopted,* 2012 WL 13012884 (N.D. Ga. May 16, 2012).

Defendants argue that Section 27 of the FDIA is the mirror image of Section 85 of the National Bank Act ("NBA"), which the Supreme Court found completely preempts usury claims against national banks. Doc. 29 at 13 (citing *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 11 (2003)). In *Beneficial National Bank*, the Supreme Court found that usury claims against national banks are completely preempted because "§§ 85 and 86 [of the NBA] provide the exclusive cause of action for such claims." *Beneficial Nat. Bank*, 539 U.S. at 11. Similarly, Defendants claim that Section 27 of the FDIA provides the exclusive cause of action for borrowers who challenge a state-chartered banks' interest rates. Doc. 29 at 13.

6

In *Griner*, the court held that the FDIA does not completely preempt state usury law after analyzing its statutory text, congressional intent, states' traditional authority over state-chartered banks, and conflicting authority from other circuit courts. *Griner*, 818 F. Supp. 2d at 1345–54. In looking at its statutory text, the court noted that the FDIA contains conditional language which provides that the statute only applies when the interest rate it authorizes is greater than the rate that the state law allows.[2] *Id.* at 1346. The court also observed that the FDIA's conditional language does not exist in the NBA. *Id.* at 1351. The court found that because the FDIA contains such conditional language, it does not provide the exclusive cause of action for usury claims against state-chartered banks or the exclusive source of remedies governing such usury actions. *Id.* at 1352.

This Court finds the reasoning in *Griner* persuasive and that Section 27(a) of the FDIA does not completely preempt state usury law for purposes of federal question jurisdiction. Additionally, courts are to construe removal jurisdiction narrowly and any doubts regarding the existence of federal jurisdiction shall be resolved in favor of the non-removing party. *See Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996).

---

[2] The *Griner* court noted two provisions of conditional language within the FDIA. *Id.* at 1345–46. Section 27(a) states that the FDIA applies "if the applicable rate prescribed in this subsection exceeds the rate such State bank or insured branch of a foreign bank would be permitted to charge in the absence of this subsection." 12 U.S.C. § 1831d(a). Section 27(b) states that a remedy under FDIA is available "[i]f the rate prescribed in subsection (a) of this section exceeds the rate such State bank or such insured branch of a foreign bank would be permitted to charge in the absence of this section." 12 U.S.C. § 1831d(b).

Thus, Defendants have failed to establish federal subject matter jurisdiction, and this matter should be remanded to state court.

In its Order to Show Cause, the Court informed Defendants that the Eleventh Circuit has said that Section 27(a) of the FDIA "does not provide immunity to a state bank for usury-related offenses if it is not the true lender of the loan under federal law." Doc. 25 at 3 (citing *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1260 (11th Cir. 2011)). In response, Defendants argue that Evolve Bank is the true lender of the loan and submit a credit card agreement between Plaintiff and Sparrow ("Plaintiff's Credit Card Agreement") in support. Doc. 29 at 18–27. Defendants submitted Plaintiff's Credit Card Agreement as an exhibit under seal. Doc. 28-2. Defendants also filed their unredacted Response to the Court's Order to Show Cause under seal, which contains unredacted quotes from Plaintiff's Credit Card Agreement. Doc. 28-1. Defendants filed a motion to seal their unredacted response and Plaintiff's Credit Card Agreement. Doc. 28. Because the Court does not reach the issue of who the true lender of the loan is, the sealed documents are not relevant to the Court's ruling in this case. Thus, the Court will deny the motion to seal as moot.

Accordingly, it is hereby

**ORDERED:**

1.      This case is **REMANDED** to the Circuit Court for the Tenth Judicial Circuit in and for Polk County, Florida.

2.      The Clerk is directed to transmit a certified copy of this Order to the Clerk of the Tenth Judicial Circuit, in and for Polk County, Florida, Small Claims Division.

8

3. The Motion for Leave to File Under Seal (Doc. 28) is **DENIED** as moot.

4. The Clerk is further directed to terminate any pending deadlines and close this case.

 **DONE** and **ORDERED** in Tampa, Florida on March 6, 2026.

Charlene Edwards Honeywell
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties